UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IONA EZELL,

        Plaintiff,           Case No. 20-cv-12642

v.                                          Paul D. Borman
                                          United States District Judge

MARTIN O'MALLEY
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S COUNSEL'S MOTION FOR APPROVAL OF FEES UNDER 42 U.S.C. § 406(b)**

Before the Court is Plaintiff's counsel's Motion for Approval of Fees pursuant to 42 U.S.C. 406(b). (ECF No. 26.) Plaintiff's counsel requests $11,820.00 in attorney fees for his representation of Plaintiff Iona Ezell in this Social Security case. The motion is fully briefed, and the Court does not believe that oral argument will aid in its disposition of this motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons set forth below, Plaintiff's counsel's Motion for Approval of Fees is granted in part.

## I. BACKGROUND

Plaintiff Iona Ezell commenced suit on September 25, 2020, to challenge the Defendant's decision denying her application for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). (ECF No. 1.)

The parties filed cross-motions for summary judgment, and on February 18, 2022, Magistrate Judge Kimberly Altman issued a Report and Recommendation that the Defendant's motion for summary judgment be denied, the Plaintiff's motion for summary judgment be granted in part, and that this matter be remanded to the administrative level for further proceedings. (ECF No. 23.) Magistrate Judge Altman found that the Administrative Law Judge's rationale was insufficient to support the conclusion that Plaintiff was capable of performing exertionally light work. (*Id.* PageID.1061 (finding that "the ALJ's flawed evaluation [of the record], juxtaposed with evidence strongly supporting Ezell's claims, is not sufficient [to] support the finding that she could stand or walk for six hours in an eight-hour workday limited only by a preclusion on ladders, ropes, scaffolds, or unprotected heights.").)

On March 7, 2022, this Court entered an Order adopting Magistrate Judge Altman's Report and Recommendation, granting in part Plaintiff's motion for summary judgment, denying Defendant's motion for summary judgment, and remanding this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 24, Order) (ECF No. 25, Judgment.)

Plaintiff did not file a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which requires filing of such a motion "within 30 days of final judgment in the action." *See* E.D. Mich. LR 54.2.

Plaintiff's counsel thereafter represented Plaintiff before the Office of Disability Adjudication and Review (ODAR) on November 30, 2022. On October 23, 2023, Defendant issued a "Notice of Award" informing Plaintiff of the amount of her monthly benefits and awarding her $30,370.00 in past due benefits. (ECF No. 34, Addendum, Notice of Award, PageID.1110-14.) The Notice of Award further informed Plaintiff that $7,592.50 from Plaintiff's past-due benefits (25% of the past-due benefits amount) were being withheld "to pay [her] representative." (*Id.*)

On November 22, 2023, Plaintiff's counsel, Stephen A. Thomas, filed the instant motion for an award of fees pursuant to 42 U.S.C. § 406(b). (ECF No. 26.) Plaintiff's counsel requests $11,820.00 for fees for "legal work performed in the SSA Appeal Council and the District Court in that [he] has been compensated for legal representation at ODAR." (*Id.*)

On February 2, 2024, following the grant of two extensions of time to file a response, Defendant filed a Response "neither support[ing] nor oppos[ing] counsel's request for attorney's fees in the amount of $11,820." (ECF No. 31.) Defendant noted, however, that Plaintiff's Motion failed to comply with the requirements in E.D. Mich. L.R. 54.2, which relates to fee motions in cases filed under the Social

3

Security Act in this district. Specifically, Plaintiff's counsel failed to include in his Motion information regarding the past due benefits awarded to Plaintiff and any dependents and the amount withheld by the agency for attorney fees, as required by Local Rule 54.2(b). Plaintiff's counsel also failed to attach to the Motion the Notice of Award and a copy of any fee agreement, as required by Local Rule 54.2(c).

On February 8, 2024, Plaintiff's counsel filed his Reply brief in support of his Motion for Approval of Fees. (ECF No. 32.) Plaintiff asserts that he "is entitled to an award of attorney fees under the Equal Access to Justice Act (EAJA) and also fees pursuant to 42 U.S.C. § 406(b)." (*Id.*) However, Plaintiff's counsel still failed to include the information required by E.D. Mich. L.R. 54.2, as outlined in Defendant's Response brief.

Accordingly, on February 15, 2024, this Court entered an Order to Show Cause to Plaintiff's counsel to show cause in writing on or before February 29, 2024, why his Motion for Approval of Fees should not be denied for his failure to comply with the requirements of E.D. Mich. LR 54.2. (ECF No. 33.) This Court further noted in the show cause order that Plaintiff's counsel failed to include in the Certificate of Service for his Motion for Approval of Fees that he had served a copy of the Motion and attachments on the Plaintiff, as required by Local Rule 54.2(c)(4).

Later that same day, Plaintiff's counsel filed an "Addendum pursuant to E.D. Mich. LR 54.2, Social Security Fee Motions," stating that the past due benefits

4

awarded to Plaintiff are $30,370.00, with $7,592.50 withheld for attorney fees. (ECF No. 34.) Plaintiff's counsel also attached a copy of the Notice of Award, a copy of the fee agreement between Plaintiff and counsel, and a certificate of service that the attorney's fee motion and attachments were served on Plaintiff on February 15, 2024. (*Id.*) Plaintiff's counsel informed Plaintiff by email that she has fourteen (14) days to file a response or objection to the motion. (*Id.* PageID.1120.) Thus, any response or objection would have been due by February 29, 2024.

On February 29, 2024, Plaintiff's counsel filed a Response to the Show Cause Order. (ECF No. 35.) He stated that his February 15, 2024, Addendum satisfied all the requirements of E.D. Mich. L.R. 54.2, and that no party has been prejudiced by his failure to comply with the Local Rule. He again requests "attorney fees pursuant to 42 U.S.C. § 406(b)(1)(A) and also the Equal Access to Justice Act, 28 U.S. Code § 2412." (*Id.* PageID.1138.)

Plaintiff Iona Ezell did not file a response or objection to her counsel's Motion for Approval of Fees.

## II. LEGAL STANDARD

There are two mechanisms for seeking attorney's fees for litigating Social Security appeals in this Court: 28 U.S.C. § 2412 and 42 U.S.C. § 406(b). In the pending motion, Plaintiff's counsel requests fees pursuant to 42 U.S.C. § 406(b).

5

However, because Plaintiff's counsel did file a timely motion seeking fees under 28 U.S.C. § 2412, both statutes must be discussed.

### A. 28 U.S.C. § 2412

Pursuant to 28 U.S.C. § 2412, or the Equal Access to Justice Act (EAJA), a prevailing party may seek attorney's fees in a civil action against the federal government. Within thirty days of final judgment, the prevailing party must apply for fees and other expenses. 28 U.S.C. § 2412(d)(1)(B). "[A] court may award reasonable fees and expenses of attorneys," and "[t]he United States shall be liable for such fees and expenses ...." *Id.* § 2412(b); *see also Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) ("[T]he United States must pay fees awarded under the EAJA out of government funds.") (citation omitted).

### B. 42 U.S.C. § 406(b)

Under 42 U.S.C. § 406(b) of the Social Security Act, an attorney may recover fees for work performed in a Social Security appeal litigated in this Court. 42 U.S.C. § 406(b)(1)(A). "[T]he court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ...." *Id.* The twenty-five percent statutory maximum is not an automatic entitlement, and the Court must ensure the requested fee is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). "'Within the 25 percent boundary,' prevailing counsel

bears the burden of 'show[ing] that the fee sought is reasonable for the services rendered.'" *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (alteration in original).

When determining reasonableness, courts consider the fee agreement itself, the character of the representation, results achieved, whether the benefits achieved were large in comparison to the time expended by counsel, whether counsel was responsible for delay, the quality of representation, and the attorney's normal hourly billing rate for non-contingent fee cases. *Gisbrecht*, 535 U.S. at 808. Any fees awarded pursuant to section 406(b) are "out of, and not in addition to, the amount of such past-due benefits ...." 42 U.S.C. 406(b)(1)(A).

The decision whether to award attorney's fees under § 406(b) is committed to the sound discretion of the district court, and the decision awarding or denying fees is reviewed on appeal under the deferential abuse of discretion standard. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997).

### III. ANALYSIS

Plaintiff's counsel's motion seeks $11,820.00 in attorney fees under § 406(b). (ECF No. 26, Pl. Mot., PageID.1071.) Although the Defendant "neither supports nor opposes counsel's request for attorney's fees in the amount of $11,820.00," (ECF No. 31, Def. Resp., PageID.1088), the Court must nevertheless determine whether

7

Plaintiff's counsel's fee request is reasonable. *Gisbrecht*, 535 U.S. at 807-08. It is not.

First, as Defendant correctly states in its Response brief, Plaintiff counsel's motion failed to comply with E.D. Mich. L.R. 54.2 because he failed to include with his motion the required information regarding the Notice of Award granting past-due benefits to Plaintiff and the amount withheld by the agency for attorney fees. Indeed, Plaintiff's counsel continued to fail to provide that required information until this Court issued a Show Cause Order regarding the omission of the required information. Only then did Plaintiff's counsel provide to the Court the information regarding the Commissioner's Notice of Award, awarding Plaintiff past due benefits in the amount of $30,3700.00, with 25% of that award, or $7,592.50, withheld by the Secretary for attorney fees. (*See* ECF No. 34.) However, even after providing this required information, Plaintiff's counsel still did not adjust his request for fees from $11,820.00 to the statutory cap of $7,592.50.

Plaintiff's counsel's request of $11,820.00 in attorney fees is substantially greater than 25% of Plaintiff's award of past due benefits ($7,592.50, the statutory cap) and thus is not reasonable and not allowed. *See Gisbrecht*, 535 U.S. at 792 ("[A] prevailing claimant's fees … may not exceed 25 percent of past-due benefits.") (emphasis added). Rather, Plaintiff's counsel is entitled to an award, *at most*, of $7,592.50 for attorney fees in this matter, and certainly not $11,820.00 as requested.

However, the Court must still determine whether an award of $7,592.50 is reasonable in this case. *Gisbrecht*, 535 U.S. at 807-08; *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (explaining that the 25% statutory cap should not be "viewed as per se reasonable" and instead should be "a starting point for the court's analysis"). Again, it is not.

As stated above, Plaintiff's counsel did not file a timely motion for attorney fees under the EAJA "within 30 days of the final judgment in the action," *See* E.D. Mich. L.R. 54.2(a), and his instant Motion only seeks fees pursuant to 42 U.S.C. § 406(b)(1)(A). (ECF No. 26, Pl. Mot.) This is important because "while fees awarded under 42 U.S.C. § 406(b) are deducted from a claimant's award of past-due Social Security benefits, the United States must pay fees awarded under the EAJA out of government funds." *Minor*, 826 F.3d at 881 (citing *Gisbrecht*, 535 U.S. at 795-96). "In other words, Social Security claimants pay section 406(b) fees out of their benefits – benefit payments that would otherwise go into their own pockets – whereas the government must pay EAJA fees independent of the benefits award." *Id.* Additionally, an award under EAJA offsets any fee award under § 406(b), permitting the claimant to recover an additional portion of their past-due benefits. *Id.* (citing *Gisbrecht*, 535 U.S. at 796). Thus, an attorney's failure to apply for EAJA fees arguably results in a penalty to the claimant because "[w]hen an attorney does not file for EAJA fees but instead only files for fees under § 406(b), the plaintiff

9

does not receive the benefit of having the lower award refunded to her." *Horton v. Comm'r of Soc. Sec.*, No. 2;14-CV-00083, 2018 WL 4701588, at *1 (M.D. Tenn. Oct. 1, 2018); *see also Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("EAJA fees are awarded in excess of the benefits due, as opposed to being deducted from the claimant's benefits award.").

"Courts in this District have repeatedly held that requests for the full amount of attorney fees under § 406(b) are unreasonable where counsel did not timely apply for EAJA fees." *Salazar v. Comm'r of Soc. Sec.*, No. 18-10628, 2023 WL 8681172, at *3 (E.D. Mich. Dec. 15, 2023) (Levy, J.) (citing *e.g., Pasiak v. Comm'r of Soc. Sec.*, No. 17-11401, 2021 WL 3087984, at *6-7 (E.D. Mich. July 22, 2021) (Lawson, J.); *Miller v. Comm'r of Soc. Sec.*, No. 17-12699, 2019 WL 13215555, at *2-3 (E.D. Mich. Dec. 9, 2019) (Drain, J.); *Austin v. Comm'r of Soc. Sec.*, No. 16-CV-14027, 2018 WL 4787656, at *2-3 (E.D. Mich. Oct. 4, 2018) (Friedman, J.))). The court in *Salazar* noted that "[i]n calculating a reasonable award, these courts have reduced the requested award by the amount counsel could have obtained under the EAJA." *Salazar*, 2023 WL 8681172, at *3 (citing *Pasiak*, 2021 WL 3087984, at *7 (reducing fee award by $8,965.25); *Miller*, 2019 WL 13215555, at *3 (subtracting $3,875.00 in "fees counsel would have received under the EAJA"); *Austin*, 2018 WL 4787656, at *3 (deducting $7,156.25 for unrequested EAJA fees); *Estep v. Comm'r of Soc. Sec.*, No. 15-10381, 2018 WL 3119076, at *2 (E.D. Mich. Mar. 22, 2018) (Patti,

10

M.J.) (recommending a reduction of $3,550.00), *report and recommendation adopted*, 2018 WL 3109585 (E.D. Mich. June 25, 2018) (Berg, J.).); *see also Wolfe v. Colvin*, No. 14-11397, 2016 WL 7650793, at *2 (E.D. Mich. Dec. 30, 2016) (reducing counsel's § 406(b) fee award by the amount he would have been awarded under the EAJA), *adopted by* 2017 WL 467495 (E.D. Mich. Feb. 3, 2017). The court in *Salazar* similarly reduced the attorney fee award by $1,812.50 for unrequested EAJA fees, resulting in a fee award under § 406(b) of $351.00. *Id.* at *4.

Plaintiff's counsel here could have requested attorney fees under the EAJA as the "prevailing party," *see Turner*, 680 F.3d at 723 ("A sentence-four remand makes the plaintiff a 'prevailing party' under the EAJA[.]") (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993), but he did not (although he surprisingly asserts in his Reply brief and in his Show Cause Response that he "is entitled to an award of attorney fees under the Equal Access to Justice Act (EAJA) and also fees pursuant to 42 U.S.C. § 406(b)"). Plaintiff's counsel's claimed hours for his representation of Plaintiff in federal court would have resulted in an EAJA award of $4,375.00, at a statutory rate of $125.00 per hour for 35 hours. *See* 28 U.S.C. § 2412(d)(2)(A). (ECF No. 26, Aff. of Counsel, PageID.1074-76.) Attorney fees under the EAJA would have been warranted in this case given the Court's order of sentence-four remand following the parties' motions for summary judgment. *Turner*, 680 F.3d at 723.

11

Accordingly, the Court finds that a full award of fees under § 406(b) would be unreasonable and will reduce the fee award ($7,592.50) by the amount of EAJA fees counsel could have requested ($4,375.00), resulting in an award of $3,217.50.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's counsel's Motion for Approval of Fees pursuant to 42 U.S.C. § 406(b) is **GRANTED IN PART** in the amount of **$3,217.50**.

The Commissioner of Social Security is **DIRECTED** to disburse **$3,217.50** from the representative fees withheld from Plaintiff Iona Ezell's past-due benefits to Plaintiff's counsel, Stephen A. Thomas, upon presentation of this Opinion and Order.

The Commissioner of Social Security is further **DIRECTED** to disburse any remaining retained funds to Plaintiff Iona Ezell.

IT IS SO ORDERED.

Dated: March 4, 2024  s/ Paul D. Borman  
Paul D. Borman  
United States District Judge